**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

ILANA REINHARDT,

     Plaintiff - Appellant,

v.

THE STATE OF OKLAHOMA, EX
REL., THE DISTRICT ATTORNEYS
COUNCIL, government of Oklahoma
(administrative) agency; SUZANNE
McCLAIN ATWOOD, individually and
in her official capacity; OFFICE OF
DISTRICT ATTORNEY FOR
DISTRICT NO. 18, government of
Oklahoma agency; FARLEY WARD,
individually and in his official capacity;
TANYA GREEN, individually and in her
official capacity; J. DOE, individually and
in his or her official capacity,

     Defendants - Appellees.

No. 15-7008
(E.D. Oklahoma)
(D.C. No. 6:14-CV-00367-FHS)

**ORDER AND JUDGMENT**[*]

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before, **HARTZ**, **TYMKOVICH**, and **BALDOCK**, Circuit Judges.

_____

Plaintiff Ilana Reinhardt appeals the dismissal of her second amended complaint for failure to state a claim and the district court's denial of her motion for leave to amend the complaint. We are not persuaded.

It is impossible to tell from the second amended complaint what misconduct was committed by what defendant. As fully explained in the opinion by the district court, even giving the complaint a generously liberal construction it wholly fails to comply with the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), or this circuit's pre-*Iqbal* standards, *see Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). And the district court did not abuse its discretion in denying Plaintiff an opportunity to file yet another amended complaint when the motion seeking permission to do so failed to explain how the defects in the second amended complaint would be cured.

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

2